J. Curtis Edmondson (CSB 236105)
Edmondson IP Law
2660 SE 39th Loop, Suite D
Hillsboro, OR 97123
503-336-3749/ FAX: (503) 482-7418
jcedmondson@edmolaw.com
*Attorney for Defendant*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Andres Gomez, <br> Plaintiff, <br><br> vs. <br><br> JSR Hospitality, Inc., a California Corporation; and Does 1-10 <br><br> Defendants. | Case No.: **3:20-cv-05618-SK** <br><br> DEFENDANT'S MOTION TO DISMISS FRCP 12(b)(6) <br><br> Hon. Sallie Kim <br> Hearing Date: Monday, Dec 7, 2020 / 9:30am |

MOTION TO DISMISS
1

# NOTICE OF MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Please take notice that Defendant, JSR Hospitality, Inc. ("JSR") will move that this Court dismiss Andres Gomez's ("Gomez") complaint with prejudice pursuant to FRCP 12:

- FRCP 12(b)(6) that the complaint fails to allege with sufficient specificity under Twombly/Iqbal what aspects of the website are defective under the ADA.
- FRCP 12(b)(6) that the complaint fails to state a cause of action in that Plaintiff is a resident of Florida and therefore the Unruh Act does not apply.

This motion is scheduled to be heard before the Honorable Sallie Kim at the San Francisco Courthouse, Courtroom C—15th Floor 450 Golden Gate Ave., San Francisco, CA 94102, on Monday, December 7, 2020 at 9:30am.

This motion will be based on this notice, the memorandum of points and authorities, exhibits, declarations, and arguments to be presented at oral argument.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  SUMMARY OF THE ARGUMENT

JSR Hospitality, Inc. ("JSR") operates a small hotel near downtown San Francisco. (ECF 3,12) and operates at website at www.hostelsf.com (ECF 4). The hotel's website's ADA policy is located at https://hostelsf.com/accessibility/.

Andres Gomez ("Gomez") is Florida resident[1] who is visually impaired.

---

[1] Although Mr. Gomez does specifically allege his residence, in a recent case he filed in Florida: *Open Access for All, Inc. v. Town of Juno Beach* (S.D. Fla. 2019) 19-CV-80518; the Court found on July 29, 2019 that "…Plaintiffs [Gomez] allege

JSR moves to dismiss Gomez's complaint.  His complaint does not rise above the *Twombly/Iqbal* standard.  His complaint is just a formulaic recitation of attributes of a website as not being in compliance with the ADA, but fails to alleged specifics, e.g.: what webpages were not compliant, which elements on the webpage do not meet a purported standard for non-compliance, nor by which methodology Gomez, a purported ADA "tester", tested the website for non-compliance.

In short, Gomez's complaint is defective under the *Twombly/Iqbal* standard.

## II.   BACKGROUND

Plaintiff is a serial litigant[2] involving ADA lawsuits.  His recent 2020 litigation campaign in California has involved filing a number of lawsuits in the Central District of California, mostly against rental car companies[3] ("Los Angeles Car Rental Cases").

Defendant JSR operates a hotel in San Francisco.  The hotel has a website at www.hotelsf.com ("Website").

---

the following: Mr. Gomez either "is considering moving" or "has concrete plans to move" from Miami….".  There is no evidence to suggest he was going to move to California as he was suing the Town of Juno Beach in Florida.

[2] Andres Gomez has filed hundreds of ADA lawsuits. See PACER Generally.

[3] It is unclear whether Gomez, who is blind, intended to rent cars to drive in Los Angeles or just make reservations for a third party to drive.  These cases are:
*Andres Gomez v. California Rent-A-Car, Inc. et al*  (CACD 2020) 2020-cv-06967
*Andres Gomez v. Hollywood Star Rent A Car, Inc. et al* (CACD 2020) 2020-cv-06969
*Andres Gomez v. Midway Rent A Car, Inc. et al* (CACD 2020) 2020-cv-06971
*Andres Gomez v. Yesaway Operations, Inc. et al* (CACD 2020) 2020-cv-07337
*Andres Gomez v. Luxury Line, LLC et al* (CACD 2020) 2020-cv-07666
*Andres Gomez v. Marius Baiec et al* (CACD 2020) 2020-cv-07878
*Andres Gomez v. Exotic Ride Rentals, Inc. et al* (CACD 2020) 2020-cv-07976
*Andres Gomez v. Able Car Rental et al* (CACD 2020) 2020-cv-01843

Gomez alleges he encountered "..numerous accessibility design faults…using SRS" (ECF 1, ¶17).  Gomez further alleges, "…Investigation into his experience revealed barriers…". *Id.*

### III. ARGUMENT

**A. Plaintiff's Complaint does not meet the *Twombly/Iqbal* standard alleging a deficient website under the ADA.**

The *Twombly/Iqbal* standard requires that Gomez state facts sufficient to survive a motion to dismiss. *Moore v. Mars Petcare US, Inc*. (9th Cir. 2020) 18-15026 pg. 11 citing to *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The Ninth Circuit has yet to rule on what constitutes vague and formulaic pleading under the ADA where the allegations are that a website is non-compliant under the ADA.

The Ninth Circuit affirmed a dismissal in view of vague allegations that mirrored statutory pleadings. *Landers v. Quality Commc'ns, Inc*. (9th Cir. 2015) 771 F.3d 638.  In *Landers* the plaintiff made generalized allegations that the defendant violated the FLSA. Id. at 646.  The district court in *Landers* dismissed pursuant to *Twombly/Iqbal* and the Ninth Circuit affirmed ruling "…*Landers* presented generalized allegations asserting violations of the minimum wage and overtime provisions of the FLSA by the defendants…".

This complaint is very similar to that in *Landers*. Gomez has simply made genericized references to "...accessibility design faults…" without any specificity as to what those faults are.  Notably, Gomez can easily allege by reference to the specific URL (eg. Webpage link) which webpage is not compliant and point to the particular hyperlink element that is inoperative, but fails to do so.

Further, as can be noted above in the "Los Angeles Car Rental Cases" that the complaints there are identical to the complaint here.  Gomez's case against Exotic Ride Rentals states that he visited Exotic Ride's website "Twice in July 2020". *Andres*

*Gomez v. Exotic Ride Rentals, Inc. et al* (CACD 2020) 2020-cv-07976, ECF 1, ¶ 16. Coincidentally, Mr. Gomez also visited the website in this case "Twice in June 2020". ECF 1, 16. All of the factual allegations more or less the same for all other cases Mr. Gomez has filed during the last year and are all cookie-cutter reproductions of each other. This is odd given that Gomez alleges he is a "tester" and is certainly able to allege detailed facts website non-conformance with the ADA.

Also, in this complaint, and in the complaints of the Los Angeles Car Rental Cases, Gomez does not alleged that he made any preparatory steps to visit California. Gomez does not allege if he had purchased a plane ticket, what locations Gomez planned to visit, and if Gomez was on a vacation or a business visit. These allegations of intent to visit are likewise genericized.

The pattern of using a template complaint of this case, the Los Angeles Rental Car Cases, and Gomez's other hundreds of cases, presents a system of pleading that this district disfavors. Less than two weeks ago, in *Strojnik v. Vy Verasa Commercial Co.* (N.D. Cal. 2020) 19-cv-02556, ECF48, Judge Orrick granted dismissal of Strojnik's ADA complaint stating '…A plaintiff, however, "must do more than offer labels and conclusions that parrot the language of the ADA…'.

JSR respectfully requests that this Court grant the motion to dismiss Gomez 's ADA claim, but recognizes that amendment is proper if the problem can be cured.

**B. Plaintiff's Complaint either fails to allege Gomez's residence or if he lives in Florida his Unruh claim fails under the *Del Taco* test.**

The Unruh Act is limited in scope to "[a]ll persons within the jurisdiction of this state." Cal. Civ. Code, § 51(b). The California Supreme Court has interpreted the phrase "within the jurisdiction of this state" in accord with its plain meaning as "within the state." *Munson v. Del Taco, Inc.*, (2009) 46 Cal. 4th 661, 668 n.4

Here, Gomez appears to be a resident of Florida and he does not claim that he accessed the defendant's website within California. Instead, he merely alleges that he

accessed the website, which would presumptively be from Florida since at the same time period he also intended to visit Los Angeles to rent cars. Gomez's bare non-allegation of residence is not enough to show that he was injured "within the jurisdiction of California". Cal. Civ. Code § 51(b)[4].

### IV. CONCLUSION

Gomez should be required to file an amended complaint that meets the standards of *Twombly/Iqbal* for his ADA claim.  Further he should be required to allege his residence, and if he resides in Florida, the Unruh claim must be dismissed with prejudice.

Respectfully submitted,

Dated: October 26, 2020

/s/ J. Curtis Edmondson
J. Curtis Edmondson
Law Offices of J. Curtis Edmondson, PLLC
Hillsboro OR  97123
(503)336-3749
jcedmondson@edmolaw.com

---

[4] Gomez appears to want to avoid the higher filing fee required in state court by coupling the ADA claim with an Unruh Act claim. See *Schutza v. Enniss Family Realty I LLC* (S.D. Cal. 2020) 20-CV-0298  ECF 9

# CERTIFICATE OF SERVICE

    I hereby certify that on this October 26, 2020, a true and accurate copy of the above and foregoing Motion to Dismiss was filed with the District Court's CM/ECF system, which provides service to all counsel of record.

Dated October 26, 2020        By: /s/ *J. Curtis Edmondson*
                                       J. Curtis Edmondson