CENTER FOR DISABILITY ACCESS
Dennis Price, Esq., SBN 279082
Russell Handy, Esq., SBN 195058
Amanda Seabock, Esq. SBN 289900
8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
dennisp@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Andres Gomez**, | Case No. 3:20-cv-05618-SK |
| Plaintiff, | **Motion for Partial Judgment pursuant to FRCP 54(b), or Leave to File Interlocutory Appeal** |
| v. | |
| **JSR Hospitality, Inc.**, a California Corporation; and Does 1-10, | Hon. Maj. Judge Sallie Kim |
| Defendants. | |

## I. Statement of Facts

Plaintiff, Andres Gomez, is a person with disabilities living in Florida. A resident of Florida, but with family and friends in California, he frequently travels to California and avails himself of the tourism industry in the area. Mr. Gomez sued JSR Hospitality for failure to provide a compliant website to allow himself to book a reservation at the Amsterdam Hostel as a result of non-compliance with requirements for equal access for persons with disabilities promised by the Americans with Disabilities Act. He brought claims under both the ADA, as well as the California Unruh Civil Rights Act. Following a motion to dismiss the state claim for lack of standing, this court granted the motion and dismissed Gomez's state claim stating that UCRA does not apply to any conduct outside the state of California.

Typically, an appeal is only allowed from a final judgment. However, a court may enter a partial judgment which would create a final order for the purpose of appeal. Alternatively, interlocutory appeals are allowed with leave of the trial court. Plaintiff requests the court grant one of these requests to allow him to seek review of this decision.

## II. Entry of Partial Judgment

Plaintiff seeks the court enter partial judgment pursuant to 54(b).

The traditional rule provides that appeals may only stem from a final judgment disposing of all claims. However, a party may seek partial judgment under FRCP 54(b) and appeal that partial ruling where appropriate. *Dannenberg v. Software Toolworks, Inc.* (9th Cir. 1994) 16 F.3d. 1073, 1074.

In ruling on this issue, a district court should consider first whether the determination requested for judgment is "final." *Curtiss-Wright Corp.*

1

Motion for Partial Judgment/Interloctury Appeal          Case. No.: 3:20-cv-05618-SK

*V. General Elec. Co.* (1980) 466 U.S. 1, 7. Then the court must determine if there is any just cause for delay. *Id.* at 8.

Partial judgment is appropriate under FRCP 54(b) as this matter contained multiple claims and the court has dismissed one of the claims, with prejudice and on the merits, and there is no just reason for delay of appellate review of that decision.

### A.     Is the decision final?

Finality for the purpose of partial judgment is determined in the sense if it is an "ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright Corp. V. General Elec., supra,* 466 U.S. 1 at 7

This court's December 7, 2020 decision is without question final. The claim has been dismissed with prejudice on a merits determination that Mr. Gomez is not eligible for the relief sought on the basis of his physical location at the time he was denied access. Even if Mr. Gomez were to ultimately prevail on his remaining claims, it would have no bearing on the finality of the decision issued by the court. Mr. Gomez is not free to seek state court review of the decision on refiling, and his only potential avenue for relief is at the conclusion of this litigation if the court were to deny his request for partial judgment. As contemplated by Rule 54(b) this cause of action could not be any more clearly concluded.

### B.     There is no just reason for delay.

In determining if there is a just reason for delay, it is proper for the District court to consider such factors as whether the claims under review are separable from the others remaining, and whether the nature of the claims already determined are such that no appellate court would have to

2

Motion for Partial Judgment/Interloctury Appeal         Case. No.: 3:20-cv-05618-SK

decide the same issue more than once in subsequent appeals. *Curtiss-Wright Corp v. Gen. Elec. Co., supra,* 446 U.S. at 8.

While a detailed order did not issue, at oral argument, the court expressed that it found the argument of another court in the District persuasive in dismissing, with prejudice, Gomez's claim for relief under the UCRA. Based on approval of the decision in that matter, there is no danger of inconsistent rulings.

The issues in this matter are plainly separable. The issues pending for potential appellate review concern interpretation of the UCRA and whether issues of jurisdiction extend the reach beyond the terrestrial borders of California.

Secondly, even if the remaining matter were to be appealed, regardless of the result of Gomez's ADA claim, there is no rational expectation that any subsequent appeal would implicate these same issues. The issues pending in the remaining action go to issues of interpretation of an entirely different statute, and factual issues that are not implicated by Mr. Gomez's physical location at the time he visited the website. The only similarity would be the identity of the parties

Given that this matter will be appealed at the conclusion of this matter, there is no just reason to delay Gomez's ability to clear up this issue now.

### III.   Request for Interlocutory Appeal

Alternatively, Plaintiff seeks leave to file an interlocutory appeal on the issue of the UCRA claim.

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law

3

as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C.A. § 1292(b)

Relief in proper here, as there is substantial ground for difference of opinion. The court did not provide a detailed order explaining its decision to dismiss the UCRA claim, but stated that it was based on the finding of another district level judge. There is no binding authority on this point, and there is substantial grounds for disagreement as to whether the UCRA statement "within the jurisdiction of California" is meant to be interpreted coextensive with the California long-arm statute, defining California's jurisdiction, or more narrowly to mean literally "within the borders of California." The only apparent "binding" authority cited in the companion ruling is a California Supreme Court dictum footnote that does not address the dispute in any fashion, and was not material to the dispute in front of the court as there was no question as to Munson's residence. *Munson v. Del Taco* (2009) 46 Cal.4th 661, 668 fn4.  There are further grounds for dispute as whether someone availing themselves of a California product remotely is conducting their transaction within the borders of California when the physical business is present in California, as was implicated here, but not present or argued in the other cases relied upon.

4

Resolution of this issue in this matter is important to any ultimate informal resolution of the case as it materially changes the valuation of the matter due to the California remedies and any outstanding appeal Plaintiff would have on the second cause of action. While the causes of action are ultimately separate, the mutual desire for finality will cause the parties difficulty in resolving the case without resolution as this claim will remain outstanding pending any dismissal.

## IV.  Conclusion

Plaintiff requests the court to enter a partial judgment pursuant to FRCP 54(b) on Plaintiff's UCRA claim, or, in the alternative, to grant permission to seek interlocutory review of the December 7, 2020 order to allow Ninth Circuit review of the decision.

Dated: December 15, 2020     CENTER FOR DISABILITY ACCESS

By:__/s/ Dennis Price_____
Dennis Price
Attorney for Plaintiff

5

Motion for Partial Judgment/Interloctury Appeal     Case. No.: 3:20-cv-05618-SK