J. CURTIS EDMONDSON, Bar # 236105
LAW OFFICES OF J. CURTIS EDMONDSON
2660 SE 39th Loop, Suite D
Hillsboro, OR 97123
TELEPHONE: (503) 336-3749
jcedmondson@edmolaw.com
Attorney for Defendant

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Andres Gomez,<br>Plaintiff,<br><br>v.<br><br>JSR Hospitality, Inc., a California Corporation; and Does 1-10,<br>Defendants. | Case Number: 3:20-cv-05618-SK<br><br>**ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT** |

Defendant JSR Hospitality, Inc., a California Corporation, ("JSR") answers the Complaint (ECF 1) of Plaintiff Andres Gomez ("Gomez").

## ANSWER

**PARTIES**

1. With regard to paragraph 1, JSR has no knowledge of these allegations and can neither admit nor deny, so therefore denies.
2. Admit
3. Admit.

1
**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

4. Admit.

5. Admit.

6. With regard to paragraph 6, JSR has no knowledge of these allegations and can neither admit nor deny, so therefore denies.

**JURISDICTION & VENUE**

7. Admit.

8. Deny, per ECF 19[1]:

9. Admit.

**FACTUAL ALLEGATIONS**

10. With regard to paragraph 10, JSR has no knowledge of these allegations and can neither admit nor deny, so therefore denies.

11. With regard to paragraph 11, JSR has no knowledge of these allegations and can neither admit nor deny, so therefore denies.

12. Admit.

13. With regard to paragraph 13, it is unclear if Gomez is making a factual statement or asserting a legal conclusion, JSR admits as to operating a

---

[1] "The Court GRANTS Defendant's motion as to Plaintiff's claim under the Unruh Act. The Unruh Act by its express language applies only within California. *Archibald v. Cinerama Hawaiian Hotels, Inc.*, 73 Cal. App. 3d 152, 159 (1977); see also *Warner v. Tinder,* 105 F. Supp. 3d 1083, 1099 (C.D. Cal. 2015) (dismissing Unruh Act claim against California-based operator of dating app brought by resident of Florida; citing cases); *Strojnik v. Resort at Indian Springs,* LLC, 2019 WL 6913039, at *7 (N.D. Cal. Dec. 19, 2019) (Arizona resident failed to plead claim under Unruh Act by alleging he accessed Defendant's website from Arizona). By failing to plead he was in California when he accessed Defendant's website, Plaintiff fails to plead a claim under the Unruh Act. (Zoom Recording Time: 9:30-9:37.)"

2
**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

website which speaks for itself, deny as to any assertion of legal conclusions.

14. With regard to paragraph 14, it is unclear if Gomez is making a factual statement or asserting a legal conclusion, JSR admits as to operating a website which speaks for itself, deny as to any assertion of legal conclusions.

15. With regard to paragraph 15, JSR can neither admit or deny Gomez's allegation.

16. With regard to paragraph 16, JSR can neither admit or deny Gomez's allegation.

17. With regard to paragraph 17 and subparagraphs a-f, JSR denies.

18. With regard to paragraph 18, JSR denies.

19. With regard to paragraph 19, JSR denies.

20. With regard to paragraph 20, JSR can neither admit or deny Gomez's allegation that he attempted to access the Website, but deny that the website is "inaccessible".

21. With regard to paragraph 21, JSR denies as to their hotel and website, JSR has no knowledge of other barriers Gomez has experienced.

22. With regard to paragraph 22, JSR denies.

23. With regard to paragraph 23, JSR can neither admit or deny Gomez's allegation that he attempted to access the Website, but deny that the website is "inaccessible".

24. With regard to paragraph 24, JSR denies.

25. With regard to paragraph 25, JSR denies.

26. With regard to paragraph 26, JSR has no knowledge if Gomez is qualified as a "tester" under the ADA and therefore denies.

3
**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

27. With regard to paragraph 27, JSR denies.
28. With regard to paragraph 28, JSR denies.
29. With regard to paragraph 29, JSR is unsure if this is an allegation or an independent legal statement, or an admission by Gomez, so therefore JSR denies as an allegation, but admits that Gomez has made an admission that compliance with WSAG 2.0 AA standards would satisfy Gomez's complaint.
30. With regard to paragraph 30, JSR is unsure if this is an allegation or an independent legal statement, so therefore JSR denies.
31. With regard to paragraph 31, JSR denies.
32. With regard to paragraph 32, JSR denies.
33. With regard to the allegations of paragraph 33, JSR denies; JSR cannot admit or deny allegations of law.
34. With regard to the allegations of paragraph 34, JSR denies; JSR cannot admit or deny allegations of law or what Gomez intends to procedurally do in the future.

## I.   FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICAN DISABILITIES ACT OF 1990

35. JSR incorporates by reference the answering statements above.
36. With regard to the allegations of paragraph 36, JSR denies; JSR cannot admit or deny allegations of law.
37. With regard to the allegations of paragraph 37, JSR denies; JSR cannot admit or deny allegations of law.
38. With regard to the allegations of paragraph 38, JSR denies; JSR cannot admit or deny allegations of law.

**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

39. With regard to the allegations of paragraph 39, JSR denies; JSR cannot admit or deny allegations of law.
40. With regard to the allegations of paragraph 40, JSR denies; JSR cannot admit or deny allegations of law.
41. With regard to the allegations of paragraph 41, JSR denies; JSR cannot admit or deny allegations of law

## II.   SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH ACT

42-46.   With regard to the allegations of paragraphs 42-46, this cause of action was dismissed with prejudice on 12/7/2020 (see footnote 1 above), and by operation of law, Gomez is barred from asserting, otherwise JSR denies.

## ANSWER TO THE PRAYER

With regard to paragraph 1 of the prayer, JSR denies.

With regard to paragraph 2 of the prayer, JSR denies.

With regard to paragraph 3 of the prayer, this request is legally inoperative (see 42 above).

With regard to paragraph 4 of the prayer, JSR denies and a request for fees under the Unruh Act is legally inoperative (see ¶¶42-46 above).

5
ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

## AFFIRMATIVE DEFENSES

### Lack of Injury-in-Fact

47. Gomez has not suffered an injury in fact and therefore lacks standing to pursue his ADA claim.

### Unclean Hands

48. Gomez's intent was not to secure a hotel room in San Francisco, during a pandemic, rather Gomez's intent was to surf the internet for what he perceived as purported "violators" of the ADA to bring the claim at issue.

### Real Party in Interest

49. Gomez has no interest in bringing this claim, rather he is simply an agent for the law firm in San Diego who is actually conducting the research on alleged "ADA Violators" in California and forwarded this claim to Gomez.

### Inequitable Conduct

50. Gomez has failed to comply with the local rules of this Court with regard to ADA claims and therefore his claim should be barred under the doctrine of inequitable conduct.

### *De Minimus Non Curat Lex*

51. Any alleged violations of the website in view of the purpose of the ADA are so minimal and any harm suffered by a person legally blind are so insignificant *vis-à-vis* the website design that the aggregate harm is not actionable by one person who subjectively believes he has been aggrieve by the website.

### Statutory Vagueness

52. The enabling statute is unconstitutionally vague as it fails to give notice to a website designer as to what standard (either directly or by incorporation by reference) a site must be built to accommodate a legally blind person.

### Failure to Mitigate

47. Gomez failed to mitigate his damages by using other alternate hotel booking sites to try and book the same reservation.

### Right to Amend

48. Defendant reserves the right to amend their affirmative defenses up to and during trial as facts are presented.

7
**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

# COUNTERCLAIMS

# JURISDICTION AND VENUE

49. This action arises out of allegations of ADA. Jurisdiction is proper under U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. ("ADA"). This court is the proper venue for this action pursuant to 28 U.S.C. §1391(b) in that counterdefendant has alleged claims in this district and therefore is subject to the Court's jurisdiction.

# PARTIES

50. Counterclaimaint is the Defendant JSR Hospitality, Inc., a California Corporation, ("JSR").

51. Counterdefendant, is the Plaintiff Andres Gomez ("Gomez").

# FACTUAL ALLEGATIONS

52. Gomez has brought approximately 300 lawsuits against a variety of companies alleging noncompliance under the ADA.

53. In a prior case, *Gomez vs. General Nutrition Corporation* (SD FL 2017) 17-cv-22747, Gomez stated he used "JAWS", which is screen reading software for the blind.

54. JAWS reads webpages that are formatted (e.g. coded) to WCAG 2.1 standards. Commercially available screen reading software, such as JAWS, adequately reads webpages when they are coded to WCAG 2.1 standards.

55. JSR's website is coded to WCAG 2.1 standards (See Exhibit 1).

## COUNT 1 – DECLARATORY RELIEF

56. A case and controversy has arisen between Gomez and JSR about whether the JSR website is ADA compliant.
57. JSR, like many retail owners, have coded their websites to satisfy the WCAG 2.1 standard.
58. Gomez, who is unwilling, unable, or incapable of alleging a cognizable standard by which non conformance of website can be judged.
59. JSR cannot be held accountable to a subjective standard of one litigant.
60. JSR's website is coded to conform to the latest standards. (See Exhibit 1. )
61. JSR respectfully requests that this Court enter an order that the JSR website is conforming under the ADA and will be conforming under the ADA in the future provided that it meets WCAG 2.1 ( see https://www.w3.org/TR/WCAG21/) standard.

**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

## **PRAYER FOR RELIEF**

Defendant and Counterclaimant JSR Hospitality respectfully requests the following relief:

    a. That Gomez be denied all of his requested relief and a judgment in favor of JSR Hospitality;

    b. An entry of an order of costs incurred;

    c. Attorney fees to be awarded to JSR Hospitality as permitted by statute;

    d. Denial of any injunctive relief requested by Gomez;

    e.

    f. An order that a website is in conformance to the ADA standard when it is compliant with the WCAG 2.1 standard.

    Respectfully submitted,

Dated: December 21, 2020    /s/ J. Curtis Edmondson
    J. CURTIS EDMONDSON
    Counsel for defendant JSR Hospitality

**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**