UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES GOMEZ,<br>   Plaintiff,<br> v.<br>JSR HOSPITALITY, INC.,<br>   Defendant. | Case No. 20-cv-05618-SK<br><br>**ORDER ON MOTION FOR PARTIAL JUDGMENT**<br><br>Regarding Docket No. 21 |

This matter comes before the Court upon consideration of the motion by Plaintiff Andres Gomez for partial judgment or, in the alternative, for leave to file an interlocutory appeal. The Court determines that the motion is appropriate for disposition without oral argument and, thus, is deemed submitted. *See* Civ. L.R. 7-1(b). Accordingly, the hearing set for January 25, 2021 is HEREBY VACATED. Having carefully considered the parties' papers, relevant legal authority, and the record in the case, the Court hereby DENIES Plaintiff's motion for the reasons set forth below.

Plaintiff is visually impaired and brought a claim under the Americans with Disabilities Act ("ADA") and California's Unruh Act against Defendant JSR Hospitality, Incorporated, alleging that Defendant failed to have an accessible website for the Amsterdam Hostel. (Dkt. No. 1 (Complaint), ¶¶ 1, 2, 35-41, 42-46.) Plaintiff uses a screen reader software to use his computer. (*Id*., ¶¶ 10, 11.) He visited Defendant's website, intending to reserve a room at the Hostel but could not navigate the Hostel's website with the screen reader software. (*Id*, ¶¶ 16, 17.)

The Court denied Defendant's motion to dismiss Plaintiff's claims for failure to state a claim but granted Defendant's motion to dismiss Plaintiff's claim under the Unruh Act on the grounds that the Unruh Act by its express language applies only within California. (Dkt. No. 19.) Plaintiff now seeks to immediately appeal the order dismissing his Unruh Act claim. Plaintiff

moves the Court to enter partial judgment under Federal Rule of Civil Procedure 54(b) or to certify an interlocutory appeal under 28 U.S.C. § 1292.

Rule 54(b) provides that, "[w]hen an action presents more than one claim for relief . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." The power to enter a partial final judgment under Rule 54(b) is "to be exercised in light of judicial administrative interests as well as the equities involved, and giving due weight to the historic federal policy against piecemeal appeals." *Reiter v. Cooper*, 507 U.S. 258, 265 (1993) (citations and quotation marks omitted). In deciding whether there is no just reason for delay, courts consider "such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980).

The Ninth Circuit has cautioned that partial judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties. *Morrison-Knudsen Co., Inc. v. Archer*, 655 F.2d 962, 965 (9th Cir.1981). A Rule 54(b) partial final judgment is generally inappropriate where the "the case would inevitable come back to [the Court of Appeals] on the same set of facts." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 879 (9th Cir. 2005). "This inquiry does not require the issues raised on appeal to be completely distinct from the rest of the action, so long as resolving the claims would 'streamline the ensuing litigation." *Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 628 (9th Cir. 2015) (internal quotation marks omitted).

The Court finds that this is not an unusual case which warrants a partial judgment. Moreover, although the Court granted the motion to dismiss Plaintiff's Unruh Act claim on a distinct legal issue, the alleged facts supporting both Plaintiff's ADA and Unruh Act claims are the same and his legal theory that he was denied equal access based on his disability is the same for both claims. Therefore, this case would inevitably go back to the Ninth Circuit on the same set

of facts.  Accordingly, the Court DENIES Plaintiff's motion for a partial judgment.

The Court also finds that Plaintiff has not demonstrated that an interlocutory appeal is warranted.  Under 28 U.S.C. § 1292, the Court may certify an order for interlocutory appeal when "order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  Interlocutory appeals under § 1292(b) "are intended to be rare and used only in 'exceptional circumstances.'"  *Greenspan v. Orrick, Herrington & Sutcliffe LLP*, 2010 WL 3448240, at *1 (N.D. Cal. Sept. 1, 2010) (quoting *In re Cement Antitrust Litig.*, 673 F.2d at 1026); *see also James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 n. 6 (9th Cir. 2002) ("Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly.").  "The party seeking certification bears the burden of demonstrating that the requirements are satisfied and that such a departure is warranted."  *Stiner v. Brookdale Senior Living, Inc.*, 383 F. Supp. 3d 949, 957 (N.D. Cal. 2019).  Plaintiff has not satisfied his burden.  He has not demonstrated that the Court's order involved a controlling question of law as to which there is substantial ground for difference of opinion or that an immediate appeal from the order would materially advance the ultimate termination of the litigation.  Nor has Plaintiff demonstrated any exceptional circumstances.  Therefore, the Court DENIES Plaintiff's motion in the alternative to certify the order for an interlocutory appeal.

**IT IS SO ORDERED**.

Dated: January 14, 2021



SALLIE KIM
United States Magistrate Judge