1

2

3

4                              UNITED STATES DISTRICT COURT

5                            NORTHERN DISTRICT OF CALIFORNIA

6

7    ANDRES GOMEZ,                              Case No. 20-cv-05618-SK

8              Plaintiff,

9         v.                                    **ORDER DENYING MOTION TO
                                                STRIKE**
10   JSR HOSPITALITY, INC.,
                                                Regarding Docket No. 27
11             Defendant.

12        This matter comes before the Court upon consideration of the motion by Plaintiff Andres

13   Gomez to strike Defendant JSR Hospitality, Inc.'s counterclaim for declaratory relief.  The Court

14   determines that the motion is appropriate for disposition without oral argument and, thus, is

15   deemed submitted.  *See* Civ. L.R. 7-1(b).  Accordingly, the hearing set for March 1, 2021 is

16   HEREBY VACATED.  Having carefully considered the parties' papers, relevant legal authority,

17   and the record in the case, the Court hereby DENIES Plaintiff's motion for the reasons set forth

18   below.

19                                    **BACKGROUND**

20        Plaintiff is visually impaired and brings a claim under the Americans with Disabilities Act

21   ("ADA") alleging that Defendant failed to have an accessible website for the Amsterdam Hostel.

22   (Dkt. No. 1 (Complaint), ¶¶ 1, 2, 35-41.)  Plaintiff uses a screen reader software to use his

23   computer.  (*Id*., ¶¶ 10, 11.)  He visited Defendant's website, intending to reserve a room at the

24   Hostel but could not navigate the Hostel's website with the screen reader software.  (*Id*, ¶¶ 16, 17.)

25        Plaintiff alleges that he encountered problems with Defendant's website such as buttons

26   which were not fully readable by screen reader software SRS and images which lack a text

27   equivalent readable by screen reader software.  (*Id*., ¶ 17.)  Plaintiff further alleges that

28   compliance with W3C Web Content Accessibility Guidelines ("WCAG") 2.0 AA standards would

United States District Court
Northern District of California

1    be a viable remedy for his alleged deficiencies.  (*Id.*, ¶ 29.)

2         In its counterclaim, Defendant alleges that its website is coded to WCAG 2.1 standards.

3    (Dkt. No. 23 (Answer and Counterclaim), ¶ 55.)  Defendant brings a counterclaim for declaratory

4    relief, seeking a declaration that its "website is conforming under the ADA and will be conforming

5    under the ADA in the future provided that it meets WCAG 2.1." (*Id.*, ¶ 61.)

6         Plaintiff now moves to strike Defendant's counterclaim for declaratory relief, arguing that

7    it is duplicative of Plaintiff's ADA claim.

8                                            **ANALYSIS**

9    **A.    Applicable Legal Standard on Motion to Strike.**

10        Under Rule 12(f), a court may strike from a pleading "any insufficient defense or any

11   redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  Immaterial

12   matter "is that which has no essential or important relationship to the claim for relief or the

13   defenses being pleaded." *Fantasy Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on*

14   *other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994) (internal citations and quotations

15   omitted).  Impertinent material "consists of statements that do not pertain, and are not necessary,

16   to the issues in question." *Id.*  (internal citations and quotations omitted).  Motions to strike are

17   regarded with disfavor because they are often used as delaying tactics and because of the limited

18   importance of pleadings in federal practice. *Colaprico v. Sun Microsystems Inc.*, 758 F. Supp.

19   1335, 1339 (N.D. Cal. 1991).  A motion to strike should be resorted to only when the matter to be

20   stricken could have no possible bearing on the issues in litigation. *LeDuc v. Kentucky Central Life*

21   *Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992).  Ultimately, the decision as to whether to strike

22   allegations is a matter within the Court's discretion. *Colaprico*, 758 F. Supp. at 1339.

23   **B.    Plaintiff's Motion to Strike.**

24        By statute, the Court "may," but is not required to, "declare the rights and other legal

25   relations of any interested party seeking such declaration, whether or not further relief is or could

26   be sought." *See* 28 U.S.C. § 2201(a); *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995)

27   (noting courts' discretion to entertain claim for declaratory judgment).  "Declaratory relief should

28   be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in

United States District Court
Northern District of California

2

United States District Court
Northern District of California

1    issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced

2    by the parties." *United States v. State of Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985).  Courts

3    may decline to hear a claim for declaratory relief if adjudication of the issues raised in other

4    claims would fully and adequately determine all matters actually in controversy between the

5    parties.  *See Mangindin v. Washington Mut. Bank*, 637 F. Supp. 2d 700, 707-08 (N.D. Cal. 2009)

6    ("A claim for declaratory relief is unnecessary where an adequate remedy exists under some other

7    cause of action.").

8         Plaintiff argues that Defendant's counterclaim is duplicative of his ADA claim.  However,

9    in his ADA claim, Plaintiff does not explicitly allege that Defendant's website violates the W3C

10   Web Content Accessibility Guidelines.  Instead, Plaintiff alleges that satisfying this standard

11   would be a proper remedy for the alleged ADA violation.  Defendant's counterclaim directly sets

12   forth this issue – that if its website complies with the W3C Web Content Accessibility Guidelines,

13   then its website does not violate the ADA.  Defendant seeks clarity on whether its website is

14   compliant.  Therefore, the Court declines to exercise its discretion to strike Defendant's

15   counterclaim.

16                                      **CONCLUSION**

17        For the foregoing reasons, the Court DENIES Plaintiff's motion to strike.

18        **IT IS SO ORDERED**.

19   Dated: February 22, 2021

20        _____

21        SALLIE KIM
          United States Magistrate Judge

22

23

24

25

26

27

28